IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY COOMBS,

       Plaintiff,

v.                                                                                  1:21-cv-00806-LF

FORREST FENN, ZOE OLD,
JENNY KILE, DOUGLAS PRESTON,
TAYLOR SWIFT and JACK STUEF,

       Defendants.

## MEMORANDUM OPINION AND ORDER TO AMEND COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 20, 2021 ("Complaint").

Plaintiff alleges Defendant Forrest Fenn hid a "treasure" "in the Rockies in 2021 worth millions" and provided clues to the location of the treasure. Complaint at 1. Plaintiff "solved the location and the Treasure was not there" in 2016. Complaint at 1. Plaintiff alleges that someone "drove to the location [of the treasure] & picked it up" and that "Fenn gave his Treasure to his friend/partner [Defendant] Kile." Complaint at 2-3. Plaintiff asserts fraud and conspiracy claims against Defendants.

    The Complaint fails to state a claim for fraud.

    The elements of fraud include (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation ... Our case law provides, in the general sense, that a plaintiff alleging fraud may recover "such damages as are the direct and natural consequences" of the reliance on a fraudulent representation.

*Williams v. Stewart,* 2005-NMCA-061 ¶ 34 137 N.M. 420, 429, 112 P.2d 290, 512.  Federal Rule of Civil Procedure 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9's purpose is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based...." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud , ... and must set forth the time [and date], place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006).

The Complaint does not identify the false representations, the contents of those false statements, the person making the false statements, the date they made the false statements or Plaintiff's detrimental reliance on the false statements.

Regarding Defendant Fenn, who is deceased, the Complaint alleges: (i) Fenn stated "his intentions for the Hunt Chase is about 'getting people out in the Rockies;'" (ii) "Fenn and Kile published hundreds of clues;" and (iii) "Fenn & Kile posted new clues on Kile's website each week for years."  Complaint at 2, ¶ 7, at 3.

The Complaint alleges that Defendant Kile is Fenn's "friend/partner" and: (i) "created and released a clue for Fenn in 2016 about India;" and (ii) "calls herself a Fenn Treasure Searcher;" Complaint at 2, ¶ 7, at 3.

The Complaint alleges that "music star" Defendant Taylor Swift: (i) "exposes in lyrics and videos that she knows the location and understands dozens of hints and clues released over the ten years;" and (ii) "winks at the Fenn Insiders in her cardigan TV commercial;"  Complaint at 2, ¶ 4, at 4.

The Complaint alleges that Defendant Old, who "manages" the Fenn Estate, said "the Estate does not have the Treasure." Complaint at 3.

The Complaint alleges that Defendant Stuef, the "Finder" of the Treasure, said: (i) "he is waiting for the Treasure;" (ii) "he had cleaned the contents [of the Treasure] in a motel room;" and (iii) "the WY blazes clues are all gone & only he knows the nook location of his Treasure;" Complaint at 2-4.

The Complaint alleges that Defendant Preston, a "Fenn friend": (i) stated "he knows the new book had new vital clues;" and (ii) "only Cinderella is happy about the ending;" Complaint at 3.

The Complaint refers to "the Conspirators," states "Conspire to falsify, participation in fraudulent activities" and that testimony of Defendants "along with others will expose the conspiracy." Complaint at 3-4. Plaintiff's conclusory allegations regarding a conspiracy are insufficient to state a claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations"). To state a claim for civil conspiracy, Plaintiff must allege: "(1) that a conspiracy between two or more individuals existed[,] (2) that specific wrongful acts were carried out by [Defendants] pursuant to the conspiracy[,] and (3) that [Plaintiff was] damaged as a result of such acts." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085 ¶ 28; *Santa Fe Technologies, Inc. v. Argus Networks, Inc.*, 2002-NMCA-030 ¶ 43 ("Civil conspiracy is an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means"). The

Complaint does not allege specific facts showing an agreement and concerted action among the Defendants.

Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted because it fails to plead with sufficient particularity his claims of fraud and conspiracy. The Court grants Plaintiffs an opportunity to file an amended complaint.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**