IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY COOMBS,

      Plaintiff,

v.                                                                              1:21-cv-00806-LF

FORREST FENN, ZOE OLD,
JENNY KILE, DOUGLAS PRESTON,
TAYLOR SWIFT and JACK STUEF,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## FOR SUPPLEMENT TO AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, Doc. 8, filed October 6, 2021.

This matter arises from Plaintiff's attempt to find a $2.5 million treasure that Forrest Fenn, now deceased, hid in the Rocky Mountains. Fenn published clues to the location of the hidden treasure. Plaintiff alleges that he was the first person to solve the clues to the location of the treasure but that Fenn conspired with others to remove the treasure before Plaintiff could retrieve the treasure. Plaintiff asserts fraud claims against Defendants.

The Court "accept[s] as true all well-pleaded factual allegations in the complaint." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). The Court is not required to take as true factual allegations that are implausible, conclusory or speculative. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (stating it "tak[es] as true all well-pled (that is, plausible, non-conclusory, and non-speculative, facts alleged in plaintiffs' complaint") (citing *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Mikelson v. Conrad*, 839 Fed.Appx. 275, 277 (10th Cir. 2021) (same; quoting *Dudnikov*).

The Complaint and Amended Complaint[1] contain several factual allegations which appear to be speculative, for example: (i) "Fenn gave his Treasure to his friend/partner J. Kile," Complaint at 2; (ii) "The Treasure has already been given/sold to [Taylor] Swift or another of the group of insiders," Complaint at 3; (iii) "Fenn had his game winning treasure retrieved from NM location before 9/20/2016," Amended Complaint at 2; (iv) "Fenn & Kile agree to remove Chest from NM location ... Kile removes Chest from game winning location with Fenn's knowledge between 4/2015-8/2016," Amended Complaint at 2; (v) "Fenn & Kile ... made agreement to work together in a concerted effort to give Kile Chest," Amended Complaint at 3; (vi) "Fenn made deals with Kile & Stuef in 2020 to stage the game ending," Amended Complaint at 3.  These and other allegations in the Amended Complaint appear to be speculative because it is not apparent how Plaintiff, who resides in California, would have personal knowledge of actions and agreements of Fenn and other Defendants in New Mexico and elsewhere.

Rule 11(b) provides in relevant part:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery

Fed. R. Civ. P. 11(b).

---

[1] Plaintiff's Amended Complaint does not appear to be a complete complaint which supersedes his original Complaint.  Instead, the Amended Complaint appears to contain only additional allegations to his original Complaint.  Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Amended Complaint as including his original Complaint.

Plaintiff shall file a supplement to his Amended Complaint. The supplement shall describe the evidentiary support for the factual allegations in the Complaint and the Amended Complaint where it is not apparent that Plaintiff has personal knowledge of the allegation or Plaintiff has not already provided evidentiary support. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed"). If Plaintiff contends that any of the factual allegations will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Plaintiff must explain why those allegations will likely have evidentiary support after further investigation or discovery. Each paragraph in the supplement must be numbered.

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file a supplement as described above. Failure to timely file a supplement may result in the Court not accepting facts that are not well-pled.

_____
Laura Fashing
United States Magistrate Judge