## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TERRY COOMBS,

      Plaintiff,

v.                                       1:21-cv-00806-WJ-LF

FORREST FENN, ZOE OLD,
JENNY KILE, DOUGLAS PRESTON,
TAYLOR SWIFT and JACK STUEF,

      Defendants.

### <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

*Pro se* Plaintiff alleged Defendant Forrest Fenn hid a "treasure" "in the Rockies in 2021 worth millions" and provided clues to the location of the treasure.  Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, Doc. 1, filed August 20, 2021 ("Complaint").  Plaintiff "solved the location and the Treasure was not there" in 2016.  Complaint at 1.  Plaintiff alleged that someone "drove to the location [of the treasure] & picked it up" and that "Fenn gave his Treasure to his friend/partner [Defendant] Kile."  Complaint at 2-3.  Plaintiff asserted fraud and conspiracy claims against Defendants.  Defendants are: (i) Forrest Fenn, who hid the treasure and published a poem with clues to the location of the treasure; (ii) Jenny Kile, Fenn's "friend/partner;" (iii) Taylor Swift, a "music star;" (iv) Zoe Old, who "manages" the Fenn estate; (v) Jack Stuef, the "Finder" of the treasure; and (vi) Douglas Preston, a "Fenn friend."  Doc. 4, filed August 26, 2021.

After describing the elements of a fraud claim and explaining Fed. R. Civ. P. 9's requirement that a party must state with particularity the circumstances constituting fraud, United States Magistrate Judge Laura Fashing notified Plaintiff that the Complaint failed to state a claim for fraud because the Complaint did not identify the false representations made by Defendants, the

contents of those false statements, the person making the false statements, the date they made the

false statements or Plaintiff's detrimental reliance on the false statements. *See* Mem. Op. and Order

at 1-3, Doc. 4, filed August 26, 2021 ("Order to Amend").   Judge Fashing also notified Plaintiff

that the Complaint failed to state a claim for conspiracy because it did not allege specific facts

showing an agreement and concerted action among the Defendants. *See* Order to Amend at 3-4.

Judge Fashing ordered Plaintiff to file an amended complaint.

> After reviewing the Amended Complaint, Judge Fashing notified Plaintiff:
>
> The Court is not required to take as true factual allegations that are implausible, conclusory or speculative. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (stating it "tak[es] as true all well-pled (that is, plausible, non-conclusory, and non-speculative, facts alleged in plaintiffs' complaint") (citing *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Mikelson v. Conrad*, 839 Fed.Appx. 275, 277 (10th Cir. 2021) (same; quoting *Dudnikov*).
>
> The Complaint and Amended Complaint[1] contain several factual allegations which appear to be speculative, for example: (i) "Fenn gave his Treasure to his friend/partner J. Kile," Complaint at 2; (ii) "The Treasure has already been given/sold to [Taylor] Swift or another of the group of insiders," Complaint at 3; (iii) "Fenn had his game winning treasure retrieved from NM location before 9/20/2016," Amended Complaint at 2; (iv)  "Fenn & Kile agree to remove Chest from NM location ... Kile removes Chest from game winning location with Fenn's knowledge between 4/2015-8/2016," Amended Complaint at 2; (v) "Fenn & Kile ... made agreement to work together in a concerted effort to give Kile Chest," Amended Complaint at 3; (vi) "Fenn made deals with Kile & Stuef in 2020 to stage the game ending," Amended Complaint at 3.  These and other allegations in the Amended Complaint appear to be speculative because it is not apparent how Plaintiff, who resides in California, would have personal knowledge of actions and agreements of Fenn and other Defendants in New Mexico and elsewhere.

Mem. Op. and Order for Supplement to Amended Complaint at 1-2, Doc. 9, filed October 20,

2021.  Judge Fashing ordered Plaintiff to file a supplement to the Amended Complaint describing

---

[1] Plaintiff's Amended Complaint does not appear to be a complete complaint which supersedes his original Complaint.   Instead, the Amended Complaint appears to contain only additional allegations to his original Complaint.  Because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's Amended Complaint as including his original Complaint.

the evidentiary support for the factual allegations in the Complaint and the Amended Complaint where it is not apparent that Plaintiff has personal knowledge of the allegation or Plaintiff has not already provided evidentiary support. *See* Doc. 9 at 3, filed October 20, 2021 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed")).

**Plaintiff's Supplements**

Plaintiff filed three supplements describing the evidentiary support for his factual allegations. *See* Plaintiff's Supplement, Doc. 10, filed November 10, 2021; Plaintiff's Motion for Addition to Supplement, Doc. 13, filed December 3, 2021 ("Second Supplement"); Plaintiff's Motion for 2nd Addition to Supplement, Doc. 14, filed December 20, 2021 ("Third Supplement").

Plaintiff contends that only three people knew where the treasure was hidden: (i) Fenn; (ii) Fenn's friend Kile; and (iii) Plaintiff. Plaintiff concludes that because the treasure was not at the location Plaintiff determined from Fenn's clues, Fenn and/or Kile must have retrieved the treasure before Plaintiff went to that location. *See* Supplement at 2, ¶ 31 ("Three people on the Planet know the location ... [Plaintiff] does not have the prize ... so only Fenn or Kile have it"); at 3, ¶ 34 ("Three people in the universe know the location ... [Plaintiff] does not have the prize ... the prize is not in the Fenn hiding location, so only the team of Fenn and Kile have it"); at 3, ¶ 35 (same).

Plaintiff's Supplement provides the following as support that Plaintiff knew where Fenn hid the treasure:

(i)    Plaintiff submitted the "Fenn Poem of clues" which states:

    As I have gone alone in there
    And with my treasures bold,
    I can keep my secret where,
    And hint of riches new and old.

Begin it where warm waters halt
And take it in the canyon down,
Not far, but too far to walk.
Put in below the home of Brown.

From there it's no place for the meek,
The end is ever drawing nigh;
There'll be no paddle up your creek,
Just heavy loads and water high.

If you've been wise and found the blaze
Look quickly down, your quest to cease,
But tarry scant with marvel gaze,
Just take the chest and go in peace.

So why is it that I must go
And leave my trove for all to seek?
The answer I already know,
I've done it tired, and now I'm weak.

So hear me all and listen good,
Your effort will be worth the cold.
If you are brave and in the wood
I give you title to the gold.

Supplement at 5.

(ii)     Plaintiff presents his "solve" of Fenn's clues to support his allegation that he knew the

location of Fenn's hidden treasure on "9/20/2016."  Supplement at 3, ¶ 34.  Plaintiff states:

(a)     the phrase "where warm water halt" "Refers to rapids on a river.  Initially it was

The El Vado Dam, NM."

(b)     the phrase "canyon down" refers to the "Rio Chama Canyon."

(c)     the phrase "too far to walk" means "It's to[o] difficult to walk to the treasure from

the dam."

(d)     the phrase "put in" means "Use a canoe or rafting."

(e)     the phrase "home of Brown" refers to "World record brown trout caught just below the El Vado dam and rafting put-in point."

(f)     the phrase "no paddle up you[r] cre[e]k, loads of high water" means "More river rafting. A big rapids area is close to the treasure location.  Dark Canyon Rapids."

(g)     the words "Wise. Brave. Peace." means "Native Americans are associated. Resting in peace.  Burial grounds of Navajo Peak."

(h)     the word "blaze"[2] means "Something looks like a fire near the location.  Google maps north-side of Navajo Peak NM."

(i)     the phrase "look quickly down" means "The treasure is below your feet but don't stumble Into the crevice."

Supplement at 5.  Plaintiff also states "The poem can get a searcher close enough with google maps that Navajo Peak burial grounds could be concluded as a good place and area to go out and search. It did for the only real Solver/Plaintiff."  Supplement at 5.

(iii)    Plaintiff also provides photographs and illustrations to support his allegation that he solved the clues to the location of the treasure showing:

(a)     A map of where the "Rio Cebolla River dumps into the Rio Chama River" shows a resemblance to the geographic boundary of India, and states "This is a one in a million-chance formation on the Planet."

(b)     A piece of turquoise in a bracelet "is a Photoshop tracing of a BLM topo Map. This is the 100% Solve.  It is ok to go into denial.  You are not crazy. This is 1 in a million that the match is 100%."

---

[2] The Court notes that "blaze" can also mean "a mark made on a tree usu. by chipping off a piece of the bark."  Webster's Third New International Dictionary (1993).

(c)     A rock held by Fenn in a 2011 photograph has a similar shape to a rock formation.

(d)     George "Washington's nose shape matches the Rio Chama river shape next to Navajo Peak."

(e)     "Fenn was surprised to see rusty scissors in the Chest ...A scissors shaped river divide contour of the Rio Cham is next to Navajo Peak."

(f)     "The Rio Chama contour while passing the India formation creates a tracing of [George] Washington's nose."

(g)     "A maverick is photoshopped into the flutterby at the keyslot. A Toad is photoshopped riding the maverick.  This is Winds in the Willow storybook reference.  Kile displays the Willows game on her bookcase during her explanation of all of the questions about her India clue."

Supplement at 6-33.

(iv)    Plaintiff also states the following:

(a)     Taylor Swift spent a year writing songs and creating videos about the Fenn treasure hunt game ... Taylor Swift will own the treasure once Old and Kile and Preston are able to move it to her secretly.

(b)     Old has been able to seal parts of the Fenn Will ... Secret deals, secret movement around the Country of the Chest, and tax evasion should be taken seriously by the Court.

(c)     Fenn and Kile conspire to remove and carry-out removal plan for Chest from NM location between 4/2016-8/2016.

(d)      Kile must be paid for a lifetime of Fenn legacy work in which she participates in

daily ... The Search community is angry and is in full shock that their game was

rigged.  Kile and other Elites create new scenarios to try to shut-up the angry

community of Searchers.

(e)      Kile could not be the fake finder because she works for Fenn and 350,000 Searchers

would not accept that if ever found out.  That would prove the fraudulent ending.

(f)      Stuef [the purported finder of the treasure] moved to [Puerto Rico] and received a

tax free status before the ending.

Supplement at 2-4.

In his Second Supplement, Plaintiff states that Taylor Swift's videos provide additional

clues:

(i)      "She puts her nose profile into Washington's profile at the 9:15 mark

... Swift has added an extra verse this year to her 2012 song lyrics.

She is beat down in the lyrics by her break-up and mentions

Brooklyn and Soldier.  This is direct reference to Washington and

troops being trapped by the British in Brooklyn 1776.  Then a half

weight lyric is describing that Washington was on limited rations

and also that Fenn said/hinted that he carried half the

treasure making two trips from his sedan to hide the treasure.

(ii)     Taylor Swift's hands and face, the hands of the piano player, and

other scenes from Taylor Swift's videos resemble the shape of "the

blaze," Navajo Peak and other features near the alleged location of

Fenn's treasure.

Second Supplement at 2-10.

In his Third Supplement, Plaintiff states:

Defendants continue to release information that directly exposes their full knowledge of the Fenn Treasure hiding location, fraud and conspiracy. Two chat rooms have named Jen as the creator of a treasure hunt with a poem/cypher titled End Game. Released 12/9/21, the poem points directly to the Kile/Fenn rusty scissors clue. The shape of the Rio Chama at that bend also is the shape of a candle flame when the four houses flat ground is viewed on google maps as a candle stick shape. Someone is creating treasure hunts using shapes of the Rio Chama. Kile is the best at that as proven with her India clue. However, [Taylor] Swift exposes that she is the creator of this Fenn add-on treasure hunt. It is not known who is 'Jen' in chat rooms and on the End Game channel, but Jen is leading the game.

Third Supplement at 1. Plaintiff provided the "End Game poem" along with his remarks regarding the meaning of words and phrases in the poem which Plaintiff interprets as referring to the Rio Chama. *See* Third Supplement at 4. Plaintiff also asserts that Taylor Swift "released a new song and video in 2018 titled 'END GAME' and a "new second End Game video was released on 12/16/2021," both of which provide clues. Third Supplement at 4-5.

**Discussion**

Plaintiff alleged Defendant Forrest Fenn hid a treasure and provided clues to the location of the treasure. Plaintiff also alleged that he solved the clues to the location of the treasure in 2016, and that Fenn had retrieved or conspired to retrieve the treasure before Plaintiff went to the location to retrieve the treasure.

Judge Fashing ordered Plaintiff to file a supplement providing evidentiary support for his allegations stating the allegations "appear to be speculative because it is not apparent how Plaintiff, who resides in California, would have personal knowledge of actions and agreements of Fenn and other Defendants in New Mexico and elsewhere." Doc. 9 at 2.

Plaintiff's First Supplement concludes that Fenn and/or others must have retrieved the treasure because: (i) only three people (Defendants Fenn and Kile, and Plaintiff) knew the location

of the treasure; and (ii) the treasure was not at that location when Plaintiff went there in 2016. Plaintiff's Second Supplement asserts that Taylor Swift provided clues to the location of the treasure in her music videos.  Plaintiff's Third Supplement asserts that an unknown person named "Jen" created the End Game poem, which was released on December 9, 2021, and that Taylor Swift created this "Fenn add-on treasure hunt" and provides clues in some of her music videos.

Plaintiff's Supplements fail to provide non-speculative evidentiary support for Plaintiff's allegations that Plaintiff determined the location of the hidden treasure and that Fenn retrieved the treasure or conspired with the other Defendants to have the treasure retrieved before Plaintiff could retrieve it.

The Court dismisses the Amended Complaint for failure to state a claim upon which relief can be granted because Plaintiff has not alleged plausible, non-conclusory, and non-speculative facts that the treasure was hidden at the location identified by Plaintiff or that Fenn or others retrieved or conspired to retrieve the treasure from the location identified by Plaintiff.  *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (stating courts "tak[e] as true all well-pled (that is, plausible, non-conclusory, and non-speculative), facts alleged in plaintiffs' complaint." (citing *Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Mikelson v. Conrad*, 839 Fed.Appx. 275, 277 (10th Cir. 2021) (same; quoting *Dudnikov*).  There are only speculative allegations that Fenn and others must have retrieved or conspired to retrieve the treasure because the treasure was not at the location Plaintiff believed to be the location where Fenn hid the treasure.

**Other Motions**

Barbara Andersen filed a motion seeking to intervene stating she "is the real solver of the Forrest Fenn puzzle" and seeks "to protect her interest as the true solver of the Forrest Fenn

puzzle."  Barbara Andersen's Motion for Leave to Intervene at 1, 7, Doc. 11, filed November 22, 2021.

Plaintiff filed a motion opposing Andersen's Motion to Intervene.  *See* Plaintiff's Motion to Request Dismissal of the Anders[e]n Intervene [M]otion, Doc. 12, filed December 3, 2021.

The Court denies Andersen's Motion to Intervene and Plaintiff's Motion to dismiss Andersen's Motion to Intervene as moot because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)     Plaintiff's Motion for Addition to Supplement, Doc. 13, filed December 3, 2021, is **GRANTED.**

(ii)    Plaintiff's Motion for 2nd Addition to Supplement, Doc. 14, filed December 20, 2021, is **GRANTED.**

(iii)   This case is **DISMISSED without prejudice.**

(iv)   Barbara Andersen's Motion for Leave to Intervene, Doc. 11, filed November 22, 2021, is **DENIED as moot.**

(v)    Plaintiff's Motion to Request Dismissal of the Anders[e]n Intervene [M]otion, Doc. 12, filed December 3, 2021, is **DENIED as moot.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**